T.C. Summary Opinion 2004-25

UNITED STATES TAX COURT

ELMER J. HOPSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5678-03S.          Filed March 9, 2004.

Elmer J. Hopson, pro se.

<u>Karen Nicholson Sommers</u>, for respondent.

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in

effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax of $3,815 for the taxable year 1999.

The issues for decision are (1) whether petitioner is liable for the alternative minimum tax (AMT) in the amount determined by respondent, and (2) whether petitioner is (a) entitled to deductions in addition to those claimed on his return, and/or (b) entitled to recharacterize as business expense deductions any of the itemized deductions that he claimed on his return.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in San Diego, California, on the date the petition was filed in this case.

Petitioner filed a Federal income tax return for taxable year 1999 which was dated April 20, 2002. On this return, he reported wage and salary income of $69,432, and he claimed itemized deductions totaling $56,531. The itemized deductions he claimed were for State and local taxes of $4,617, interest of $441, charitable contributions of $5,924, employee business expenses of $38,062, tax preparation fees of $100, and vehicle

and boat depreciation of $8,776.[1]  Petitioner did not report liability for the AMT in any amount.  In the notice of deficiency, respondent's sole adjustment was his determination that petitioner was liable for AMT of $3,815.  Respondent did not adjust any of petitioner's claimed itemized deductions, nor did respondent determine that any additions to tax or penalties were applicable.

The first issue for decision is whether petitioner is liable for the AMT in the amount determined by respondent.  Petitioner argues that respondent's calculation of the AMT is in error, but he does not single out any specific aspect of that calculation. We have reviewed respondent's calculation and conclude that it is in accordance with the provisions of the Internal Revenue Code. This calculation, and the underlying provisions of the Code, can be summarized as follows:

| | |
|---|---:|
| Taxable income reported by petitioner | $10,151 |
| Miscellaneous itemized deductions claimed by petitioner | 36,773 |
| Itemized deduction for taxes paid claimed by petitioner | 4,617 |
| Exemption deduction claimed by petitioner | 2,750 |
| Alternative minimum taxable income under sec. 55(b)(2)[1] | 54,291 |
| Exemption amount pursuant to sec. 55(d)(1)(B) | (33,750) |
| Taxable excess under sec. 55(b)(1)(A)(ii) | 20,541 |
| Tentative minimum tax under sec. 55(b)(1)(A)(i) (in this case equal to 26% of the taxable excess) | 5,341 |
| Regular tax under sec. 55(c)(1) as reported by petitioner | (1,526) |
| AMT liability under sec. 55(a) | 3,815 |

[1]The adjustments to taxable income required in this case to calculate alternative minimum taxable income are found, respectively, in sec. 56(b)(1)(A)(i) and (ii) and (E).

---

[1]The deductions for the employee business expenses and tax preparation fees were reduced by $1,389 pursuant to the sec. 67(a) floor on miscellaneous itemized deductions.

We sustain respondent's determination in the notice of deficiency.

The second issue for decision is whether petitioner is (a) entitled to deductions in addition to those claimed on his return, and/or (b) entitled to recharacterize as business expense deductions any of the itemized deductions that he claimed on his return.[2]  Petitioner argues that he is entitled to the changes which he made to his filed return on a Form 1040X, Amended U.S. Individual Tax Return.  Petitioner submitted this form to the IRS in April 2003, following the issuance of the notice of deficiency underlying this case.  On the form, petitioner claimed a variety of changes to the information on his original return.  First, he added a Schedule C, Profit or Loss From Business, on which he claimed zero gross income and a loss of $28,379 for a business named "Maritime Ventures" engaged in the business of "Antique Dealer".  Petitioner also decreased his claimed itemized deductions by $11,328 to $45,203, due in whole or part to his recharacterization of certain expenses--which he claimed on his original return as itemized deductions--as business expenses on the Schedule C.  Respondent has not accepted any amounts reported by petitioner on the amended return.

---

[2]The recharacterization of itemized deductions as business expense deductions would change petitioner's AMT liability under sec. 55(a).

Under section 162(a), a taxpayer generally may deduct the ordinary and necessary expenses paid or incurred during the taxable year in carrying on his trade or business. A taxpayer is engaged in a trade or business if the taxpayer is involved in the activity with continuity and regularity and with the primary purpose of making a profit. Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987).

A taxpayer must keep records sufficient to establish the amounts of the items required to be shown on his Federal income tax return. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs. In the event that a taxpayer establishes that a deductible expense has been paid but is unable to substantiate the precise amount, we generally may estimate the amount of the deductible expense bearing heavily against the taxpayer whose inexactitude in substantiating the amount of the expense is of his own making. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). We cannot estimate a deductible expense, however, unless the taxpayer presents evidence sufficient to provide some basis upon which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).

In his opening statement at trial, petitioner argued that the following is the nature of his Schedule C business:

> My antique shop association in Redwood City was with
> Antiques on Broadway. My association here was with the
> Trolley Shop Antiques in Lemon Grove in the mid 90s and at
> the present time on the Internet. My future plans of the

business include use of a to-be-restored fire engine for rent or lease to movies, parties and promotions.

Petitioner's testimony concerning the business can be summarized as follows. During the year at issue, petitioner's business consisted of a rented space in an antique market. Petitioner would open his retail space on one day each month in order to conduct his business, but his merchandise was available at other times for viewing and possibly sales by another merchant. Petitioner has had no sales or other income from this business in any year, aside from sales in 1999 which "wouldn't have been over $100".

Petitioner did not present the Court with any documentary evidence concerning either the existence of the Schedule C business or the nature or amount of the claimed expenses. The amounts reported on the amended return merely represent petitioner's assertions and are not evidence that petitioner was engaged in any business or that he incurred any of the expenses. The only evidence provided by petitioner concerning the Schedule C business is his own self-serving, uncorroborated testimony, which we do not accept as credible evidence that a bona fide business existed or that he incurred the additional expenses. Because petitioner has presented no substantiation of the business or any of the expenses, we conclude that he is not entitled to any additional deductions and that he is not entitled

to recharacterize any of the original deductions.  Sec. 6001;
sec. 1.6001-1(a), (e), Income Tax Regs.[3]

Reviewed and adopted as the report of the Small Tax Case
Division.

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[3]In the absence of substantiation or credible evidence
regarding this issue, the burden of proof remains on petitioner
to show the existence of the business and his entitlement to the
deductions.  Sec. 7491(a); Rule 142(a).